Good morning. May it please the court. Christopher Bellows, along with my colleague, Abraham Coleman, on behalf of the appellant, Credit One. I wanted to first, I know you've read the briefs, I wanted to go first through Younger and then turn to the regulation, the statute in Cuomo. So that's what I'm going to do. So on Younger, we know that it was Younger, for Younger's abstention, the appellee had to meet four elements, and you have to meet them all. And if you miss one, you're done. So it's one and done, you're out. They lose on three of the elements. So at a minimum here, we're asking that the court reverse on Younger and send it back down, or decide the merits here and now, which the court has the discretion to do. So on Younger, the first element is the type of action that is being dealt with in the state court, and they meet that element. It's a quasi-criminal proceeding. The second element is whether or not there was an ongoing state proceeding at the time that our proceeding was initiated, and there was not. Now, that has been qualified by the courts. So the fact that our federal case was proceeding before the state court isn't dispositive. The question is whether or not the federal case was beyond the embryonic stage. And in this particular case, because the only issue was the interpretation of the regulation and the statute, and because that issue was squarely before the court, long before the state court action was filed, this federal action was far beyond the embryonic stage. It was at the one-inch line as early as... Sorry. It was far beyond the embryonic stage. It was at the one-inch line as far back as December 2020. If you go to the record excerpts, page 288, 291, and also page 285, you see that the parties in the court deal squarely with the regulation, the statute, and the district attorney's authority to bring an enforcement action, and decides that Younger extension was not appropriate at that time, and the judge concluded that he could not find anything that gave the district attorney authority to bring the enforcement action. What proceedings of substance do you think had occurred in the federal action? The statute and the regulation, trying to interpret and discern the meaning of the statute and the regulation. What specifically had you filed? There were no facts to be found. What filings did you make in the federal action? You had the complaint, then there was a Younger motion to dismiss, and that was fully briefed to the point of the judge ruling that there should not be Younger abstention, that he could not conclude that the DA had authority to... There was no authority to have the investigator subpoena, and also, out of the fear that there might be this action that was filed three months later, the judge said, they may file an action, and I'm not sure that they have the authority to do so, so I'm not going to abstain. Again, that... At what point was the investigator subpoena withdrawn? Around about the time that the court ruled, December, maybe November of 2020, so right before the court was ruling on the Younger motion, when it was... In the briefings, we explained that you definitely don't have the right to... The DA doesn't have the right to conduct an examination to issue subpoenas, and we went further, because then they withdrew their subpoena, and they came to the judge, and they said, look, we withdrew our subpoena, so we should have Younger abstention, and that's when the court said, well, I don't know, you might file an action down the road. I'm not going to abstain. I'm going to keep this case alive, because I don't see that you would even have the authority to file an action under the regulation and the statute, which was amended, as we know, after Cuomo was decided by the Supreme Court, and we'll talk about that later, because I think clearly, based upon the reading of the case law and this court's precedent, only the Attorney General can bring that action. On... There has to also be, in this action, this action, and I wanted to reserve three minutes for rebuttal. I don't think I said that. This action also has to... The state court action that we're dealing with has to implicate a vital state interest. Here, this court has held in two cases, Belknap and Saquon, that when the action itself can only go forward if federal law gives it the right to go forward, if the plaintiff has to be authorized, or if the DA has to be authorized by federal law to go forward with the state action, there cannot be a vital state interest, because the federal interest is paramount. We also cite the Champion, and Champion said the fact that a state interest might be implicated isn't enough. What about a state's interest in vindicating its own laws about fair lending practices is an important state interest? It's an important state interest, but Judge, the AG can prosecute that interest. The AG can go forward and do what the DA is doing. So what we're saying is the AG can bring this action. The DA can't. I thought you said that the claim flunks the second abstention test because there was no important state interest involved. It doesn't implicate a vital state interest, A, because the overriding authority to proceed, the DA's authority to proceed, is governed by federal law. So that's not a state interest. But secondly, there really is no infringement on the state interest because the AG can go forward with the action. You're not taking the action away from the state. What you're saying is the DA, under the statute of the reg, doesn't have the authority to bring the action. Only the Attorney General does. So you're not infringing upon a state interest because, again, the interest, the state can go forward. It just has to be a different plaintiff. Let me ask you. What authority do you have for your position that your requested relief does not enjoin Hestron State enforcement action because the California Attorney General could bring an action seeking to enforce the same claims? That would be the regulation, the applicable regulation and the statute, the Dodd-Frank. Do you have one case at all? That they can bring the action? Yeah, to support that assertion. Judge, and this is what's fascinating about this case. When you do a Westlaw search, a Cuomo visitorial, all you come up with is our case. I mean, Cuomo was decided 2009. What did you think about the Second Circuit case? I thought it was brilliant. So, and on that element, on that element, does this action enjoin? Does it have the effect of enjoining the state action? The reason I'm saying, obviously, it doesn't because the AG has the authority under federal law to bring the action. And if you notice, after we filed our initial brief, we've been litigating this for a long time. We had never heard anything from the AG. And all of a sudden, after we filed the initial brief, we get the amicus brief from the AG. And they're full throttle pushing this action. And they're right there. So, clearly, they are prepared. I would think that after this is over, they'll come in and substitute themselves. They're ready to go forward with the action. They can go forward with the action. As far as I know, we haven't briefed that, but it seems like they would be able to. Can the federal government dictate to the state? You know, the DA is in the counties or subdivision of the state. I mean, can the federal government dictate to the state that, well, the AG can enforce it, but not the DA? I mean, it seems you're interfering with the state. It's one thing, you know, federal government can always preempt, you know, under the Supremacy Clause, the state. But can they interfere within how the state operates and say, state AG, you can do it. You, the subdivision of the state, you can't. Doesn't it raise Tenth Amendment concerns? They haven't argued that that result would be unconstitutional in any kind of way. We know. What's your authority? That goes to my question, though. What's your authority? What's your best authority? The National Bank Act. The National Bank Act says that. You don't have a case. You're just pointing to the National Bank Act. Waters, the United States Supreme Court case. All of the cases that deal with the National Bank Act and. . . The National Bank Act does not preempt. I think in light of what Judge Lee was saying, it doesn't act. Are you arguing that it preempts? No, not at all. Okay. So if it does preempt, then I'm just trying to figure out. You're trying to say that only the Attorney General, not the DA, and I'm having a hard time with that. So if we go to the reg, the regulation, it says that state officials. . . This is 12 CFR 7.400. State officials may not prosecute enforcement actions except in limited circumstances authorized by federal law. And then the reg has an exception. The Attorney General can prosecute an enforcement action. So the question, and this comes from Cuomo, both the Supreme Court decision and the Second Circuit's decision. Is the regulation in alignment with what Congress has said? If it is, we follow the regulation and what Congress has said. So the regulation says state officials can't enforce, but the Attorney General can. So now we go to see, what did Congress say? Now, the Second Circuit observed that Congress really hadn't said anything, but that wasn't dispositive. Let's see if the reg is reasonable, and the court determined that it was reasonable in limiting. In that case, you couldn't bring an enforcement action at all. A state official, even if it was the Attorney General, could not bring an enforcement action at all. It goes to the United States Supreme Court. They go through the same analysis. What does Congress say about who can bring the action? It doesn't say anything at the time. Could then federal government say local DAs can enforce state law but not state Attorney Generals? Yes. Isn't that really just the federal government micromanaging how the state enforces its own It could be. I can't speak to that. I know that the law has always been that when it comes to national banks, that the federal government controls who can do what as to who, and who can bring actions against the national banks, who can examine them. Whether it's micromanagement, if they said that only the mayor could bring an action, maybe there would be a constitutional challenge to that, but I can only deal with what we That's a fair question that I just am not able to answer. I'm trying to understand your argument here, because didn't the Supreme Court in Cuomo establish that the visitoral powers, because I think that's kind of what you're talking about now, and the power to bring judicial enforcement actions are two very different things. Do you agree? I agree. If you take Justice Scalia's opinion, and you don't have the subsequent amendment, we're in a different place, but if you look at what was before the court at the time. How do you reconcile, then, your position with our president, Supreme Court president, holding federally chartered banks are subject to state laws of general application in their daily business, as long as they are not preempted by the NBA, and that California UCL claims concerning debt collection are not preempted by the NBA? They are subject to those laws. The enforcement action has to be brought by the Attorney General, and that was the amendment Congress has spoken. Congress designated the Attorney General. They didn't designate anybody else, and under your precedent, I'm sorry, I'm using up some of my rebuttal time. Under your precedent in Silvers, 412, Fed Third, 881, and YIF, and there's a typo in our brief. YIF is 881. Don't worry about that. 1155. But Silvers, so Silvers, Congress's explicit listing of who may sue should be understood as an exclusion of others from suing. That's this court sitting on Bonk. Congress's explicit listing of who may sue, and here, Congress listed only the Attorney General, should be understood as an exclusion of others from suing. So Congress has spoken. I'm sorry, Judge. Did you want to reserve any of your time? Okay. Thank you. Thank you. Thank you. Good morning, Your Honors, and may it please the Court. My name is Harold Anderson, and I represent the people of the State of California through Michael Hestron, the District Attorney of Riverside County. I submit to this Court that the District Court was correct to abstain from the unbearable competition law and was correct to dismiss Credit One's declaratory relief motion. In both cases, the Court correctly applied the Younger analysis. Now, just to clarify what we're talking about today, we have really two cases. It's our state action, the unfair competition case, so I'm just going to call that the UCL, and then we have Credit One's declaratory relief action, which I'll just refer to as the DJA. In Credit One, really, their argument boils down to two issues. First, that Younger didn't apply because we, our UCL, was an exercise of visitory powers, preemption, and debt collection activities. And second, that their DJA was so far along in its process that the nationwide factors, it was past the embryonic stage, and the Court was wrong to dismiss it. So, with the Court's permission, I would like to grant, deal with that first issue that we are qualified to bring these cases. First, Credit One, in its briefing, sort of commingles three concepts. Visitorial powers, preemption, and authority to prosecute. But Cuomo and other case law have told us those are three very different things. So, in this case, our UCL is not a visitorial power because it's a lawsuit. And like Cuomo said, a visitorial power is when an entity, like maybe us, go in and oversee the bank outside the judicial process without any oversight. That's what the AG in Cuomo was doing. And honestly, that was our mistake at first when we issued that investigative subpoena. But once we filed the UCL, all of that is remedied, and there is no issue. Our actions are not a visitorial power. So, what do you make of the argument by Mr. Bellows that only the AG can bring those kind of actions because of the way it's worded in the regulation? Sure. Okay. So, to the extent I think that that regulation he's quoting, 7.4 thousand, is dealing with preemption. So, now it's like they're saying we can't have an important state interest because we are not authorized to bring it. And that is incorrect. First of all, let's just consider what he's at. I mean, the statute doesn't say that. The statute, as we said in our brief, does not say that only an AG or chief law enforcement officer can bring it. Okay? So, he's asking this court to either read in or insert the words only. Okay? And there's no authority for that. And it also does not comport to kind of common sense or everything that's happened since then. Look, Dodd-Frank, that statute was amended on 25B and then the subsequent regulation in 7.4 thousand after Dodd-Frank. And as we've said in our briefs, Dodd-Frank was a response to more authority for state and local officials to prosecute cases, more watchdogs. Further, it codified Cuomo, and nothing in Cuomo dealt with that issue of state authority. Now, the other thing is, I mean, meaning our ability as opposed to the AG. Now, the other thing we would say is you don't have to render a decision on that here today. Our position is that's an issue of state law that is for the state court to decide. But if you were going to consider the issue, I would say that, look, we've got a long line of cases that show that debt collection is not a preempted activity. I mean, we cited many of them. I mean, there's probably almost 10 or 12 in our brief. But the cases also stand for, like I believe it was Hawaii versus Nevada, where the private counsel was suing under its unfair competition law. And as the AG cited in their brief, the ability to sue a national bank under a non-preempted law is not an issue of preemption. Now, so said another way, once the lawsuit is filed, anyone can sue, whether it's us or the AG. And it's just, is the issue that they're suing about preempted? That's the real question. They've tried to sort of backdoor this issue that we are precluded because the statute was a little bit poorly written. But even in its current state, it doesn't stand for the proposition that only they can sue. And if you look at the whole unfair business competition law in the Rosenthal Act, it presumes that DAs acting under the authority of the attorney general can prosecute. Look, the only difficult part of that problem for you, it seems to me, is the textual issue. Think of a dozen good reasons why state attorney generals, excuse me, DAs, local DAs could sue and so forth and so on. But the statute does say the attorney general. And we've got a pretty well-tested statute of rule of statutory construction that that by implication means only the attorney general. What do you say to that? What's your best presentation on why attorney general also means district attorney? Well, I would respectfully disagree with the reading of the statute. I mean, I would just say that it doesn't say only. So are we saying? It doesn't say only. It says the attorney general. Right. Or a chief law enforcement officer. Okay. So then I would phrase the question as why are we and what's the compelling reason to put the word only in there? So if we look at it that way, I would say that the reasons not to put the word only in there are, first of all, it doesn't say it. Secondly, Dodd-Frank and the intent behind Dodd-Frank, the rationale behind Cuomo, which was codified in the statute, the long line of cases not only in California but all over the country where local law enforcement people can sue, and, like I said earlier, the fact that a plaintiff can sue a national bank. So I think that it would torture the statute to put the word only in there. I'm not trying to evade your question at all, but I think that it's like why would you put it in there? And I don't see a compelling reason to do so. And if I might go real quick to – If you can go back to the statute, it says any attorney general or other chief law enforcement officer of any state.  Was that Sanchez or the statute? The statute says any attorney general or other chief law enforcement officer of any state. So the fact they included any or other chief law enforcement officer seems to suggest it's got to be one or the other. This isn't the Dodd-Frank provision. Isn't the statute – and I don't have the exact language. I can pull that up in front of me. Isn't the context of the statute to say nothing in this statute is limiting the ability of? It is. Okay. So it's the context. So let's back up a little bit and ask what's the context. It's not – the context is not defining who can proceed against the national bank. The context is, hey, we had an OCC regulation in Cuomo that was overbroad, and Cuomo shut it down. So we're just putting this like dicta in the statute that says just to make sure nothing in this statute limits these people from bringing a – the AG or the chief law enforcement officer from bringing the non-preemptive law. So I would say that the context of it is important. It's not dispositive. It's just like an addition or an add-on to what we already know. I was going to really quickly say some of the issues with Credit One's argument. Okay. So they cite Fort Belcamp in Saigon, if I'm saying that right, cases for the authority that we cannot proceed. But both of those cases involved Indian lands where the – where Congress said, look, federal prosecutors, you have exclusive jurisdiction unless said otherwise. That is in stark contrast to the NBA where the National Banking Act argues for banking-related activities. It's not exclusive in any way. But even Credit One's argument is logically inconsistent because they say at the same time that the DA – which would apply to anybody, but then they turn around and say, well, but the AG could prosecute. Those two concepts are incompatible with one another. So, I mean, look, I think what's really happened here is we made an error on the investigative subpoena. And if I can, I'll address the nationwide factors if the court doesn't have any questions. Well, let me – tell me how do we – how do we view this? Do we take on Younger first and then look at Visitorial Powers? Or do we look at Visitorial Powers and then look to Younger? I mean, if the district court was correct based on Younger, you know, to abstain, okay, do we – we also still have to look at Visitorial Powers? Well, look, I mean, you do – they have put before you that we don't have the authority, so therefore we can't have a state interest. So the order – I mean, if you look at Younger, the first order is, I think, state interest and then the three prongs and then the enjoyment. So, yes, you do have to consider it, but you actually don't have to reach a final resolution because the issue of our ability to prosecute, they're not – if you rule – or don't rule on that like the district court did. The district court didn't rule on that. They still have the opportunity, and they're doing so right now because we have a UCL case. They have the opportunity to bring that defense into the UCL case. At the state level, at the state level. Yes, Your Honor, in the UCL case. You mean the – what specifically are you referring to? They have the opportunity to bring what? The Visitorial Issue. Visitorial Issue. So they have, in fact, filed a motion for summary judgment in the UCL case saying, DA, you cannot prosecute for the same reasons that we have here. And the state court is going to decide that issue in the UCL case. So if we rule and the state rules, I mean, it could be inconsistent. It could be. But one way – I mean, look, I'm not trying to suggest what you do, but I mean – Because this is a – I mean, I'm trying to sort this out just in terms of the process. Well, okay, so I think – I wasn't the one before the district court, and not to try to ingratiate myself, but I think this is why the district court was so smart in what they did. Look, the district court had – was not fully briefed. And what they said is they looked and said, look, we don't see any authority that Credit One has put forth, but we're going to remand the UCL, and we're going to dismiss the DJA, and we're going to let that fully be briefed in the state court. And I think that was the right decision. Because it's a tutorial power. Correct. Yes. Now, I only have a minute and 49 seconds left, so I was going to just go real quick on nationwide. Look, I think if you're looking to just get past the embryonic stage, the answer is, first of all, much of the litigation and the whole genesis for their DJA was our mistake in filing the investigative subpoena. Once we took that off the table, all of that litigation isn't even relevant towards the DJA that we're talking about, nor the UCL that we're talking about. Okay, so now we've really limited it. And if you look at what the lower court did, the lower court's rulings were very short. Like the one in December of 2020 was only three pages of discussion. The one in 2021 was just five pages of discussion. And that was actually on the UCL. And then the last ruling, the dismissal, was on six pages of discussion. And the tone of those orders are that you didn't show that this was an issue and that I'm going to remand it for this. So the court did not take this extensive analysis. And the only reason that we had multiple orders was because we incorrectly filed the investigative subpoena. And then by the time the first order came around, we said we were going to withdraw it. But the issue was the court said you could do another investigative subpoena. So that's why we filed the UCL, because once you file the UCL, you can't do an investigative subpoena anymore. And we're under the auspices or the governance of the court, which takes us out of visitorial powers, and I would say not preemption, but that's a fight for that court. And I've got one second, no seconds left. You want to make a concluding? I don't know if anybody else has any questions. I would just say, we said this in our brief, I would say let the district court's decisions in both the remand and the dismissal stand. That was the right decisions. They did the right younger analysis. And Credit One is trying to bootstrap or backdoor an issue where it doesn't really belong. And with that, thank you. Judge Lee mentioned that the statute refers to the attorney general or chief law enforcement officer, which goes to Puerto Rico, because they don't have an attorney general. Clearly they could have said, or any other state official, they did not. Yes, the statute does not say that only the attorney general or chief law enforcement can sue, chief law enforcement officer. It doesn't say only. But this court in Bank and Silvers said that it doesn't matter that it doesn't say only. If it designates somebody, everyone else is excluded. This is just a question of the text of the statute, the text of the reg. If you look at the reg now, post-amendment, post-POMO, you look at the regulation and what Congress has said, they're in perfect alignment. Before I go, I want to be sure I'm perfectly clear on why you believe bringing this suit against your client is a visitation power after Cuomo. Cuomo could not have been clearer that enforcing state laws is not an exercise of visitation. Again, Judge, if we only had Cuomo and not the subsequent amendments to the regulation and Congress's statute, if it was just Cuomo, I don't think we'd be here right now. So what subsequently changed Justice Scalia's conclusion in Cuomo? I read Justice Scalia's opinion before I even looked at the statute. So I read Justice Scalia's opinion. I'm like, holy cow. But then I look at the statute that's in amendment. What changed was they— What turned it into a visitation? In the amendment, 12 U.S.C. 25 B.I., under visitorial powers, they deal with enforcement actions. So they place enforcement actions by the AG in the context of a visitorial power. And they say that the attorney general can bring the enforcement action. And we know under this court's precedent that that means only the attorney general can bring it. Now, that aligns itself with the reg, which the reg says no state official can bring an enforcement action except that the attorney general can. Well, Earl, I don't understand the argument that all of these powers that, by your analysis, are vested with the attorney general have somehow now become visitation powers. You're not arguing that, are you? Well, I go back not only to Justice Scalia's opinion but also to the Second Circuit's opinion. They talked about historically— That ship sailed? It's gone. That ship sailed. Well, I'm asking the court, look—I'm sorry. On Younger, we asked that the court reverse because these issues had been briefed and were before the court long before the state action. And this is not going to enjoin any state action because the attorney general can bring it. We asked that the court reverse and clear this issue up on the regulation in the statute and whether or not it means only the attorney general. I'm left of your claim that this—I don't think—I want to be sure when we leave today I clearly understand your position on why suits like this are exercises of visitation powers. This is because Congress has now said so to a certain degree. What has Congress said that makes a suit by an attorney general against your bank for violation of a state law of visitation power? I guess it streamlines the examinations that you're subject to. The concern that I understand it is national banks and our client don't want to be subject to suits from city regulators, county regulators, the hundreds of state officials that are out there that could bring lawsuits so that they can then conduct discovery and examine the records. If your bank were accused by the attorney general or a California official or, for example, you had a rule in your Shasta County banks that no women could be hired, you aren't seriously saying that the state couldn't sue your bank on that. If it was not permitted under the National Bank Act and the regs, they would not be able to. Well, the National Bank and the regs say nothing about local state law-based gender discrimination claims. That's not a banking-related activity, so it would not be covered. It has to be a banking-related activity or something that's incidental to a banking-related activity. Suppose the rule in Shasta County was make as few loans to women as possible. What about that? So you had something similar to that in Cuomo. It was discrimination. Just take my hypothetical. Right. Take my hypothetical. Under Cuomo, under the Dodd-Frank Amendment, only the attorney general could bring that action. Thank you. We ask again that this Court decide the issue, reverse under Younger, and address the merits. We appreciate your time. Thank you. Thank you both. Very interesting case. Thank you, Mr. Bellows, and thank you, Mr. Anderson, for your oral argument presentations in this case. The case of Credit One Bank v. Michael Hestron is now submitted.
judges: MURGUIA, Parker, LEE